# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES F. JUSTUS IV,<br><br>          Plaintiff,<br><br>     v.<br><br>DELACRUZ, et al.,<br><br>          Defendants. | 1:20-cv-00241-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM**<br>**(ECF No. 11.)**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS** |

**I.     BACKGROUND**

Charles F. Justus IV ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On February 18, 2020, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On February 25, 2020, the court screened the Complaint and issued an order dismissing the Complaint for failure to state a

1

claim, with leave to amend. (ECF No. 9.) On March 23, 2020, Plaintiff filed the First Amended Complaint, which is now before the court for screening. 28 U.S.C. § 1915. (ECF No. 11.)

## II.    SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III.   SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is currently incarcerated at California State Prison-Los Angeles County in Lancaster, California. The events at issue in the First Amended Complaint allegedly occurred at Kern Valley State Prison (KVSP) in Delano, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff

names as defendants Correctional Officer (C/O) A. Delacruz (2nd watch floor officer), C/O T. Lascina (2nd watch floor officer), C/O G. Sanchez (3rd watch floor officer), and C/O S. Higuera (3rd watch floor officer) ("collectively, "Defendants").

A summary of Plaintiff's allegations follows:  Plaintiff was housed in a cell alone at Kern Valley State Prison, D-yard. Bldg. 8.  On or about April 13, 2019, Plaintiff went to the Critical Treatment Center for trying to commit suicide.  At this time, defendants A. Delacruz and T. Lascina, correctional officers working the 2nd watch floor, should have packed up all of Plaintiff's personal property, inventoried it, and placed it in a secure area.  This is according to CDCR's rules and regulations, the D.O.M. Chapter 5, Article 43 – Inmates property – 54030.6 – Liability.  Since Plaintiff's suicide attempt was at about 12:00, defendants G. Sanchez and S. Higuera should have taken responsibility for inventorying, packing, and securing Plaintiff's personal property.

When Plaintiff was discharged from the crisis bed unit, he was housed at a higher level of care in the Enhanced Outpatient Program (EOP).  On or about May 7, 2019, Plaintiff received his personal property from C/O Hunt [not a defendant], EOP property officer, who stated that C/Os at D-yard, Bldg. 8 did not know where Plaintiff's property was, so he had to look around and found it in a closet.  The only way C/O Hunt knew it belonged to Plaintiff was by Plaintiff's paperwork inside.  The C/Os did not inventory it so it did not have a CDCR 1083 property inventory form.  C/O Hunt said he wanted to inventory it now in front of Plaintiff "so D-yard's mess up doesn't fall on me."  (ECF No. 11 at 6.)

During the inventory Plaintiff noticed that approximately $400.00 worth of his property was missing.  Plaintiff has all of the receipts and inventory forms to prove ownership of the missing property.

It is undeniably clear that Defendants acted with negligence towards Plaintiff's personal property and Defendants' own rules and regulations according to the D.O.M. and Title 15, which state that liability for the loss of or damage to property caused by a CDCR employee falls on CDCR to reimburse or compensate for damages.  Plaintiff filed several inmate grievances which were rejected or cancelled, and the issue was not resolved.

In Plaintiff's case, it was unauthorized deprivation of property, but it violates the Due Process Clause because the state did not provide an adequate post-deprivation remedy. Now, CDCR has an adequate post-deprivation remedy set forth but in Plaintiff's case, he was not provided with it.

Defendants Delacruz and Lascina, or defendants Sanchez and Higuera, depending on time frames, committed a crime of theft or burglary against Plaintiff by stealing Plaintiff's personal property by failing to pack it all at the time of the incident.

There can be no dispute that C/Os work for CDCR to guard prisoners, but also to protect prisoners against wrongdoing or threat to their safety, which did not happen in Plaintiff's case. It could be argued that Defendants acted with negligence in a malicious and sadistic manner. Also, according to the D.O.M. and Title 15, all CDCR employees, who are state employees, are supposed to conduct themselves ethically and professionally at all times, which did not happen.

Under the rational scrutiny test, Plaintiff asserts that Defendants violated his Fourteenth Amendment right to life, liberty, or property without due process of law, and to equal protection of the laws. When Defendants deliberately stole Plaintiff's personal property by not packing it, it was unauthorized deprivation of property but violates the Due Process Clause because the state did not provide an adequate post-deprivation remedy.

The obstruction of Plaintiff having his personal property packed up when he left after attempting suicide, in accordance with CDCR's own rules, the D.O.M, and Title 15, and given back to him according to the same rules and mental health clearance, and also giving Plaintiff an adequate post-deprivation remedy, which did not happen, was sadistic and malicious in intent, and the argument could strongly be made.

First, blatantly stealing someone's personal property goes against the moral compass because it was not the right nor honorable thing to do. Second, it goes against United States' law. Stealing someone's personal property is theft or burglary. The fact that Defendants are C/Os only underscores the harm they inflicted with the deliberately indifferent attitude towards the Plaintiff's property. Also, not getting an adequate post-deprivation remedy, which is set forth in the D.O.M. and Title 15, goes against U.S. Amendments.

Plaintiff requests monetary damages, including punitive damages, and declaratory relief.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp.,

///

637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. Loss of Personal Property – Due Process

Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, a plaintiff has no due process claim based on the defendants' unauthorized deprivation of his personal property—whether intentional or negligent—if a meaningful state post-deprivation remedy for his loss is available. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). California's tort claim process provides that adequate post-deprivation remedy. Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."); see also Teahan v. Wilhelm, 481 F. Supp. 2d 1115, 1120 (S.D. Cal. 2007); Kemp v. Skolnik, No. 2:09-CV-02002-PMP, 2012 WL 366946, at *6 (D. Nev. Feb. 3, 2012) (finding prisoner's alleged loss or destruction of newspaper, magazines, and books failed to state a Fourteenth Amendment claim pursuant to Hudson and noting that "[i]f Plaintiff wishes to recoup the value of the alleged lost materials, he will have to file a claim in small claims court in state court.").

Due Process is therefore satisfied if there is a meaningful post-deprivation remedy available to him. Hudson, 468 U.S. at 533. Plaintiff has an adequate post-deprivation remedy available under California law. Accordingly, Plaintiff has failed to state a cognizable claim for the alleged deprivation of his personal property against any of the Defendants.

### B. Appeals Process

To the extent that Plaintiff seeks to state a claim against any of the Defendants pertaining to the review and handling of Plaintiff's inmate appeals, Plaintiff fails to state a claim.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-

84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id.

"[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) accord Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal generally cannot serve as the basis for liability in a section 1983 action. Buckley, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir. 2005) accord George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir. 1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir. 1996).; Haney v. Htay, No. 1:16-CV-00310-AWI-SKO-PC, 2017 WL 698318, at *4–5 (E.D. Cal. Feb. 21, 2017).

Thus, to the extent that Plaintiff seeks to state a claim pertaining to the processing of his prison appeals, Plaintiff fails to state a cognizable claim.

C. **Equal Protection – Fourteenth Amendment**

The Equal Protection Clause requires the State to treat all similarly situated people equally. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). This does not mean, however, that all prisoners must receive identical

treatment and resources. See Cruz v. Beto, 405 U.S. 319, 322 n. 2 (1972); Ward v. Walsh, 1 F.3d 873, 880 (9th Cir. 1993); Allen v. Toombs, 827 F.2d 563, 568–69 (9th Cir. 1987).

"To prevail on an Equal Protection claim brought under § 1983, Plaintiff must allege facts plausibly showing that '"the defendants acted with an intent or purpose to discriminate against [them] based upon membership in a protected class,"' (citing see Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001)), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff has not alleged facts demonstrating that he was intentionally discriminated against on the basis of his membership in a protected class, or that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose. Therefore, Plaintiff fails to state a claim for relief for violation of his right to equal protection.

### D.      Crimes – Theft and Burglary

Plaintiff alleges that Defendants should be charged with theft and burglary for taking Plaintiff's property. These allegations suggest that Plaintiff seeks to bring a criminal action against Defendants. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). A § 1983 action is a civil action brought under the Civil Rights Act. As a rule, civil actions may be started by individuals, but criminal actions may only be started by the state and not by individuals. Indeed, with limited exceptions, none which apply to § 1983 actions, federal law does not allow a private citizen to bring a criminal prosecution against another citizen. Therefore, Plaintiff is unable to bring a criminal action under § 1983 against Defendants, and he fails to state a claim against any of the Defendants for theft or burglary.

///

### E.     State Law Claims

Plaintiff alleges that Defendants were negligent and violated CDCR's rules and regulations, the D.O.M., and Title 15.  These are state law claims.  Violation of state tort law, state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983.  Section 1983 does not provide a cause of action for violations of state law.  See Galen v. Cnty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007).  To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights.  See Paul v. Davis, 424 U.S. 693 (1976); also see Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995); Gonzaga University v. Doe, 536 U.S. 273, 279 (2002).  Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law.  See 28 U.S.C. § 1367.

"California's Government Claims Act requires that a tort claim against a [state] public entity or its employees for money or damages be presented to the [Department of General Services][1]  no more than six months after the cause of action accrues." Lopez v. Cate, No. 1:10-cv-01773-AWI, 2015 WL 1293450, at *13 (E.D. Cal. 2015) (citing Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2).  "Timely claim presentation is not merely a procedural requirement, but is . . . a condition precedent to plaintiff's maintaining an action against defendant and thus an element of the plaintiff's cause of action." Id. (internal quotation marks and citations omitted).  The "obligation to comply with the Government Claims Act" is independent of the obligation to exhaust administrative remedies pursuant to the Prison Litigation Reform Act. McCoy v. Torres, No. 119CV01023NONEJLTPC, 2020 WL 5257842, at *2 (E.D. Cal. Sept. 3, 2020), report and recommendation adopted, No. 119CV01023NONEJLTPC, 2021 WL 111748 (E.D. Cal. Jan. 12, 2021) (citing McPherson v. Alamo, No. 3:15-cv-03145-EMC, 2016 WL 7157634, at *6 (N.D. Cal. 2016) (citing Parthemore v. Col, 221 Cal. App. 4th 1372, 1376 (2013)).  Plaintiff has not met this obligation.  Therefore, Plaintiff fails to state any state law claims.

---

[1]  The Department of General Services was formerly the Victim Compensation and Government Claims Board.  McCoy v. Torres, No. 119CV01023NONEJLTPC, 2020 WL 5257842, at *2 (E.D. Cal. Sept. 3, 2020), report and recommendation adopted, No. 119CV01023NONEJLTPC, 2021 WL 111748 (E.D. Cal. Jan. 12, 2021).

**F.    Relief Requested**

Besides monetary damages, Plaintiff requests declaratory relief.  Plaintiff's request for declaratory relief is subsumed by Plaintiff's damages claim.  See Rhodes v. Robinson, 408 F.3d 559, 565-66 n.8 (9th Cir. 2005) (because claim for damages entails determination of whether officers' alleged conduct violated plaintiff's rights, the separate request for declaratory relief is subsumed by damages action); see also Fitzpatrick v. Gates, No. CV 00-4191-GAF (AJWx), 2001 WL 630534, at *5 (C.D. Cal. Apr. 18, 2001) ("Where a plaintiff seeks damages or relief for an alleged constitutional injury that has already occurred declaratory relief generally is inappropriate[.]")  Therefore, Plaintiff is not entitled to declaratory relief in this case.

## V.    CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the court finds that Plaintiff fails to states any cognizable claims in the First Amended Complaint against any of the Defendants.  Therefore, the court shall recommend that this case be dismissed, with prejudice, for failure to state a claim.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires."  Here, the court is persuaded that Plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim under section 1983.  "A district court may deny leave to amend when amendment would be futile."  Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).  The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1.    This case be dismissed, with prejudice, for failure to state a claim; and

2.    The Clerk be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:   **March 26, 2021**                   /s/ Gary S. Austin
                                                   UNITED STATES MAGISTRATE JUDGE