# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES F. JUSTUS IV,<br><br>       Plaintiff,<br><br>  v.<br><br>DELACRUZ, et al.,<br><br>       Defendants. | 1:20-cv-00241-DAD-GSA-PC<br><br>**ORDER RE PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL UNDER RULE 41, WITHOUT PREJUDICE**<br>**(ECF No. 19.)**<br><br>**ORDER WITHDRAWING FINDINGS AND RECOMMENDATIONS ISSUED ON MARCH 26, 2021**<br>**(ECF No. 18.)**<br><br>**ORDER DIRECTING CLERK TO CLOSE FILE** |

Charles F. Justus IV ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On February 18, 2020, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)

On February 25, 2020, the court screened the Complaint and issued an order dismissing the Complaint for failure to state a claim, with leave to amend. 28 U.S.C § 1915. (ECF No. 9.) On March 23, 2020, Plaintiff filed the First Amended Complaint. (ECF No. 11.)

On March 26, 2021, the court issued findings and recommendations, recommending that this case be dismissed, with prejudice, for Plaintiff's failure to state a claim. (ECF No. 18.) Plaintiff was granted fourteen days to file objections to the findings and recommendations. (Id.)

On April 14, 2021, Plaintiff filed a request to voluntarily dismiss this case, without prejudice. (ECF No. 19.) Plaintiff maintains that he lacked knowledge and experience in filing a complaint and now knows that the proper court for his case is a lower state court and the issue in his case is a tort and not a constitutional violation. (Id.) The court construes Plaintiff's request as a notice of dismissal under Rule 41.

Plaintiff has a right to voluntarily dismiss this case under Rule 41 of the Federal Rules of Civil Procedure. In Wilson v. City of San Jose, the Ninth Circuit explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing Hamilton v. Shearson-Lehman American Express, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. Id. The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. Id.; Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. Concha, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. Id. (citing McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. Id.

Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997). No defendant has filed an answer or motion for summary judgment in this case. Therefore, Plaintiff's notice of dismissal is effective as of the date it was filed, and this case shall be closed. The court shall withdraw the findings and recommendations issued on March 26, 2021.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's notice of dismissal is effective as of the date it was filed;

2. This case is DISMISSED in its entirety without prejudice;

3. The findings and recommendations issued on March 26, 2021, are withdrawn; and

///

4. The Clerk of the Court is DIRECTED to close the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a).

IT IS SO ORDERED.

Dated:   **April 20, 2021**                               **/s/ Gary S. Austin**
                                                         UNITED STATES MAGISTRATE JUDGE